FILED by ___ D.C.

ELECTRONIC

**MAY 29, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## 08-20455-CR-MARTINEZ/BROWN

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 2342
18 U.S.C. § 2315

UNITED STATES OF AMERICA

v.

JOSE LUIS HERNANDEZ,
DANIEL ABREU,
and RAFAEL SANCHEZ,

     Defendants.

_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning on or about September 11, 2006, and continuing through on or about April 10, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSE LUIS HERNANDEZ,**
**DANIEL ABREU,**
**and RAFAEL SANCHEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others unknown to the Grand Jury, to commit the following offenses against the United States, that is:

    (a)     to knowingly receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state

cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a);

(b)     to knowingly receive, possess, conceal, store, barter, sell, and dispose of falsely made, forged, altered, and counterfeited tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315;

(c)     to knowingly receive, possess, conceal, store, barter, sell, and dispose of goods, wares, and merchandise having a value of $5,000 or more, which had crossed a state boundary after being stolen, unlawfully converted and taken, in violation of Title 18, United States Code, Section 2315.

### Object of the Conspiracy

It was the object and purpose of the conspiracy for the defendants to unjustly enrich themselves by receiving, purchasing, selling, and distributing contraband cigarettes, which the defendants believed to be stolen, while evading the applicable state cigarette taxes.

### Overt Acts

In furtherance of the conspiracy and to effect the object thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida:

1.     On or about September 11, 2006, **JOSE LUIS HERNANDEZ** negotiated with another person known to the Grand Jury the purchase of cigarettes purportedly stolen from outside the State of Florida.

2.     On or about September 11, 2006, **JOSE LUIS HERNANDEZ** purchased and received approximately 168,000 purportedly stolen cigarettes bearing counterfeit State of Florida tax

2

stamps for $12,600 from a person known to the Grand Jury.

3.      On or about December 4, 2006, **JOSE LUIS HERNANDEZ** purchased and received approximately 300,000 purportedly stolen cigarettes bearing counterfeit State of Florida tax stamps for $21,750 from a person known to the Grand Jury.

4.      On or about March 2, 2007, **JOSE LUIS HERNANDEZ** and **RAFAEL SANCHEZ** purchased and received approximately 840,000 purportedly stolen cigarettes bearing counterfeit State of Florida tax stamps  for $63,000 from a person known to the Grand Jury.

5.      On or about May 11, 2007, **JOSE LUIS HERNANDEZ** and **RAFAEL SANCHEZ** purchased and received approximately 1,020,000 purportedly stolen cigarettes bearing counterfeit State of Florida tax stamps of cigarettes for $76,520 from a person known to the Grand Jury.

6.      On or about August 16, 2007, **JOSE LUIS HERNANDEZ** and **DANIEL ABREU** purchased approximately 1,260,000 purportedly stolen cigarettes bearing counterfeit State of Florida tax stamps for $94,500 from a person known to the Grand Jury.

7.      On or about November 8, 2007, **JOSE LUIS HERNANDEZ** and **DANIEL ABREU** purchased and received approximately 1,380,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida for $89,700 from a person known to the Grand Jury.

8.      On or about April 10, 2008, **JOSE LUIS HERNANDEZ** and **DANIEL ABREU** purchased and received approximately 1,560,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida for $101,400.

All in violation of Title 18, United States Code, Section 371.

3

### COUNT 2

On or about September 11, 2006, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JOSE LUIS HERNANDEZ,

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a) and 2.

### COUNT 3

On or about December 4, 2006, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JOSE LUIS HERNANDEZ,

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a) and 2.

### COUNT 4

On or about March 2, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

### JOSE LUIS HERNANDEZ
### and RAFAEL SANCHEZ,

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United

4

States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a) and 2.

## COUNT 5

On or about May 11, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LUIS HERNANDEZ**
**and RAFAEL SANCHEZ,**

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a) and 2.

## COUNT 6

On or about August 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LUIS HERNANDEZ**
**and DANIEL ABREU,**

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a) and 2.

## COUNT 7

On or about November 8, 2007, in Miami-Dade County, in the Southern District of Florida,

5

the defendants,

**JOSE LUIS HERNANDEZ**
**and DANIEL ABREU,**

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United

States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which

bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation

of Title 18, United States Code, Section 2342(a) and 2.

## COUNT 8

On or about April 10, 2008, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**JOSE LUIS HERNANDEZ**
**and DANIEL ABREU,**

did receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United

States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which

bear no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation

of Title 18, United States Code, Section 2342(a) and 2.

## COUNT 9

On or about September 11, 2006, in Miami-Dade County, in the Southern District of Florida,

the defendant,

**JOSE LUIS HERNANDEZ,**

did knowingly receive, possess, conceal, and store falsely made, forged, altered, and counterfeit tax

stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax

stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United

6

States Code, Section 2315 and 2.

## COUNT 10

On or about December 4, 2006, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JOSE LUIS HERNANDEZ,**

did knowingly receive, possess, conceal, and store falsely made, forged, altered, and counterfeit tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315 and 2.

## COUNT 11

On or about March 2, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LUIS HERNANDEZ**
**and RAFAEL SANCHEZ,**

did knowingly receive, possess, conceal, and store falsely made, forged, altered, and counterfeit tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315 and 2.

## COUNT 12

On or about May 11, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LUIS HERNANDEZ**
**and RAFAEL SANCHEZ,**

7

did knowingly receive, possess, conceal, and store falsely made, forged, altered, and counterfeit tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315 and 2.

## COUNT 13

On or about August 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LUIS HERNANDEZ
and DANIEL ABREU,**

did knowingly receive, possess, conceal, and store falsely made, forged, altered, and counterfeit tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315 and 2.

8

## FORFEITURE ALLEGATIONS

1.      The allegations of Count 1-13 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendants have an interest, pursuant to the provisions of 18 U.S.C. §§ 2344(c) and 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c) and the procedures outlined at 21 U.S.C. § 853.

2.      Upon the conviction of any violation charged in the Indictment, the defendants **JOSE LUIS HERNANDEZ, DANIEL ABREU,** and **RAFAEL SANCHEZ**, shall forfeit to the United States any contraband cigarettes involved in the violations and any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 2315 and 2342 as charged in the indictment.

3.      The property subject to forfeiture includes, but is not limited, to a money judgment in the amount of $110,649.60.

4.      If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    A.      cannot be located upon the exercise of due diligence;

    B.      has been transferred or sold to, or deposited with a third person;

    C.      has been placed beyond the jurisdiction of the Court;

    D.      has been substantially diminished in value; or

    E.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981 (a)(1)(C) as incorporated by 28

9

U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and or obtain a money judgment in an amount equal to the value of the property which represents proceeds or traceable to the proceeds of the violations.

All pursuant to 18 U.S.C. § 981 (1)(C)and § 2344 (c) as incorporated by 28 U.S.C. § 2461 and the procedures of 21 U.S.C. § 853.

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

STRIDER L. DICKSON
ASSISTANT U.S. ATTORNEY

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

JOSE LUIS HERNANDEZ,
DANIEL ABREU,
and RAFAEL SANCHEZ,

            **Defendants.**

_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes _____   No _____
Number of New Defendants
Total number of counts   _____

**Court Division:** (Select One)

| | | |
|---|---|---|
| X _____ Miami | _____ Key West | |
| _____ FTL | _____ WPB | _____ FTP |

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:   (Yes or No)   <u>Yes</u>
      List language and/or dialect   <u>Spanish</u>

4.    This case will take   <u>4</u>   days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
      (Check only one)              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X _____ | Petty | | _____ |
| II | 6 to 10 days | _____ | Minor | | _____ |
| III | 11 to 20 days | _____ | Misdem. | | _____ |
| IV | 21 to 60 days | _____ | Felony | | X _____ |
| V | 61 days and over | _____ | | | |

6.    Has this case been previously filed in this District Court? (Yes or No)   <u>No</u>
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   <u>No</u>
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   <u>No</u>

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes  X _____ No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes  X _____ No

_____
STRIDER L. DICKSON
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. A5501170

*Penalty Sheet(s) attached

REV.9/11/07

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   **JOSE LUIS HERNANDEZ**

**Case No**:_____

Count 1:

  Conspiracy to Traffic in Contraband Cigarettes, Receive Fraudulent State Tax Stamps, and
  Receive Stolen Goods

  Title 18, United States Code, Section 371

**\*Max. Penalty:**      5 Years' Imprisonment

Counts 2-8:

  Trafficking in Contraband Cigarettes

  Title 18, United States Code, Section 2342

**\*Max. Penalty:**      5 Years' Imprisonment

Counts 9-13:

  Receipt and Possession of Forged or Counterfeit Tax Stamps

  Title 18, United States Code, Section 2315

**\*Max. Penalty:**      10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **DANIEL ABREU**

**Case No**:_____

Count 1:

Conspiracy to Traffic in Contraband Cigarettes, Receive Fraudulent State Tax Stamps, and Receive Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**       5 Years' Imprisonment

Counts 6-8:

Trafficking in Contraband Cigarettes

Title 18, United States Code, Section 2342

**\*Max. Penalty:**       5 Years' Imprisonment

Count 13:

Receipt and Possession of Forged or Counterfeit Tax Stamps

Title 18, United States Code, Section 2315

**\*Max. Penalty:**       10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:  **RAFAEL SANCHEZ**

**Case No**:_____

Count 1:

  Conspiracy to Traffic in Contraband Cigarettes, Receive Fraudulent State Tax Stamps, and
  Receive Stolen Goods

  Title 18, United States Code, Section 371

**\*Max. Penalty:**        5 Years' Imprisonment

Counts 4-5:

  Trafficking in Contraband Cigarettes

  Title 18, United States Code, Section 2342

**\*Max. Penalty:**        5 Years' Imprisonment

Counts 11-12:

  Receipt and Possession of Forged or Counterfeit Tax Stamps

  Title 18, United States Code, Section 2315

**\*Max. Penalty:**        10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable**